FILED
06 SEP 19 PM 2:42
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAMS, CDC #F-34239,<br><br>                                    Plaintiff,<br>vs.<br>AW HEALTH CARE LIASON, et al.,<br><br>                                    Defendants. | Civil No.   06-1465 BEN (AJB)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*** |

Plaintiff, an inmate currently incarcerated at Duel Vocational Institution in Tracy, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Eastern District. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 1].

On July 20, 2006, United States Magistrate Judge Dennis Beck determined that the claims in Plaintiff's Complaint arose out of events which took place while he was incarcerated at Centinela State Prison which is located in the Southern District of California. Thus, Magistrate Judge Beck determined that venue was proper in the Southern District of California and transferred this case to this District on July 20, 2006. *See* July 20, 2006 Order at 1-2.

////
////

I.      **Motion to Proceed IFP [Doc. No. 1]**

Any party instituting a civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D.CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee

required to initiate this action. *See* 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff's Motion to Proceed IFP [Doc. No. 1] must be **DENIED**.

## II. Conclusion and Order

For the reasons set forth above, **IT IS ORDERED** that:

Plaintiff's Motion to Proceed IFP [Doc. No. 1] is **DENIED** and this civil action is **DISMISSED** without prejudice for failing to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a). Plaintiff if further **GRANTED** thirty (30) days from the date this Order is stamped "Filed" to either: (1) pay the entire $350 filing fee, **or** (2) submit a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

**IT IS SO ORDERED.**

DATED: 9/18/06

ROGER T. BENITEZ
United States District Judge